# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KELVIN MOSES** | : | **DOCKET NO. 17-cv-1595** |
| DOC # 600226 | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **GEO, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is the civil rights complaint [doc. 1] filed pursuant to 42 U.S.C. § 1983 by plaintiff Kelvin Moses, who is proceeding *pro se* and *in forma pauperis* ("IFP") in this matter. Moses is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at River Bend Detention Center in Lake Providence, Louisiana. His complaint relates to events that occurred while he was incarcerated at Allen Correctional Center ("ALC") in Kinder, Louisiana.

A prisoner attempting to proceed IFP in a civil action must comply with the mandates of the Prison Litigation Reform Act ("PLRA") for IFP suits, 28 U.S.C. § 1915. Section 1915(g), often referred to as the "three strikes rule," provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Accordingly, the standard complaint form used by Moses, entitled "Prisoner Civil Rights Under 42 U.S.C. § 1983," warns him of the effect of prior dismissals under § 1915(g). Doc. 1, p. 7. It also

requires him to disclose: 1) whether he has "begun **any other lawsuit** while incarcerated or detained **in any facility**" and 2) whether he had "filed **any lawsuit or appeal** in **any federal district court or appeals court** which has been dismissed." *Id.* at 1–2 (emphasis added). Moses checked "no" for both of these questions and signed the complaint. *Id.* at 1–2, 7. On his application to proceed IFP, he declared under penalty of perjury that he had not, while incarcerated, filed any other suits in federal court that had been dismissed as frivolous, malicious, or failing to state a claim upon which relief could be granted. Doc. 5, p. 3.

The court is aware of at least two previous suits filed by Moses in this district while incarcerated, both of which related to events at ALC. Both suits were dismissed as frivolous and/or failing to state a claim on which relief could be granted, under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1] *See Moses v. Jones*, No. 2:15-cv-2264 (W.D. La. Oct. 27, 2016) and *Moses v. Unknown Defendant*, No. 2:15-cv-2765 (W.D. La. Jul. 7, 2016). Thus, Moses's failure to disclose his litigation history represents a material misrepresentation to the court, as dismissal of this suit under § 1915(e)(2)(B) would count as his third "strike" under § 1915(g).

When a party fails to provide accurate litigation history, the suit may be dismissed without prejudice as a sanction for providing fraudulent information to the court. *E.g.*, *Hoskins v. Dart*, 633 F.3d 541, 543–44 (7th Cir. 2011); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *overruled on other grounds by Jones v. Bock*, 127 S.Ct. 910 (2007). Based on the clear wording of the complaint form, the recent dismissals of his two prior suits in this district, and the warning in the complaint of the effect of such dismissals, we can only conclude that Moses acted in subjective bad faith and intended to mislead the court by not disclosing his litigation history. Such

---

[1] It appears Moses also filed suit in the Eastern District of Louisiana while incarcerated at the Orleans Community Correction Center, though that suit was dismissed without prejudice. *Williams v. Foti*, No. 2:98-cv-2329 (E.D. La. Dec. 21, 1998).

actions represent an abuse of the judicial system and must be discouraged. Dismissal of the complaint without prejudice therefore appears warranted to deter repetition of this conduct.

"The imposition of a sanction without a prior warning is generally to be avoided." *Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988). Accordingly, Moses is **ORDERED** to show cause within 30 days why sanctions should not be imposed, by filing an affidavit with this court explaining his failure to disclose his litigation history. If he fails to comply or if this court finds that his explanation is unsatisfactory, we will recommend that his suit be dismissed without prejudice and that further sanctions be imposed if Moses files any other action suit in this court containing misrepresentations as to his litigation history.

THUS DONE AND SIGNED in Chambers this 8th day of January, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE