# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KELVIN MOSES**<br>    **DOC # 600226** | : | **DOCKET NO. 17-cv-1595**<br>**SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **GEO, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a civil rights complaint [doc. 1] filed pursuant to 42 U.S.C. § 1983 by plaintiff Kelvin Moses, who is proceeding *pro se* and *in forma pauperis* in this matter. Moses is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at River Bend Detention Center in Lake Providence, Louisiana. His complaint relates to events that occurred while he was incarcerated at Allen Correctional Center ("ALC") in Kinder, Louisiana.

### I.
#### BACKGROUND

Moses states that he was coming in from supper on March 19, 2017, when he found that the tier doors to his unit were closed. Doc. 1, p. 3. He went to the pod where ALC staff members Sergeant William Coleman and Sergeant Tucker were and asked Coleman to open a door for him, but Coleman "flip[ped him] the middle finger." *Id.* He then asked Tucker to open the door, but Tucker looked at him and then began to walk away. *Id.* Moses asked if Tucker was Coleman's son, at which point both guards began to curse at Moses with Moses cursing back. *Id.* at 3–4.

Tucker came out of the pod and threatened to assault Moses and then Coleman stood in front of Moses and invited Moses to perform a sexual act on him. *Id.* at 4.

Moses states that he then wrote up Coleman on Prison Rape Elimination Act ("PREA") charges, and that all such complaints are investigated by Captain Terry Langley. *Id.* Langley called him in for an interview, along with Sergeant Griffin, on March 24, 2017. *Id.* Moses gave them his version of events and the names of two witnesses. *Id.* Later that day, Langley told Moses that it was PREA protocol that he be moved and transferred him that day from Saturn Unit, an honor unit where he felt "safe and comfortable," to Mercury Unit, which had a reputation for violence. *Id.* at 4–5. On March 28, 2017, Langley told Moses that the main office had determined that Coleman's actions were disciplinary and not covered by the PREA. *Id.* at 5.

Moses then returned to the Mercury Unit and called the PREA's 1-800 reporting number. On that same day, he filed a written complaint against Langley, Warden Keith Cooley, Warden Anthony Allemande, Warden Mark Estes, and GEO for not following PREA protocol. *Id.* Specifically, he alleges that: 1) he never talked to the "head of administration or medical;" 2) he never saw to spoke to any warden; 3) rather than being suspended until the investigation was over, Coleman remained on his regular schedule and Langley transferred Moses instead; and 4) Langley violated Moses's Eighth Amendment rights by moving him from a safe environment to a hostile one. *Id.* at 5–6. He maintains that Coleman was also let go, but only because he refused to work on a different unit and not because of the PREA charges. *Id.* at 6.

Moses now brings suit in this court, alleging that the named ALC defendants (Langley, Cooley, Allemande, and Estes) are liable for failure to protect and that GEO President and Senior Vice President David J. Donahue is liable for failure to protect and deliberate indifference.[1] *Id.* at

---

[1] On the front page of his complaint, he also lists ALC and GEO as defendants. Doc. 1, p. 1.

8. He requests monetary damages. *Id.* He also states that he is transsexual and would like to be treated like other inmates, but maintains that there are officers who are uncomfortable working around him. *Id.* at 7.

## II.
### LAW & ANALYSIS

### A. *Frivolity Review*

Moses has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct

complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

### C. *Sanctions Warning*

In a previous order we required Moses to explain his failure to respond truthfully to questions about his litigation history. Doc. 8. We warned him that sanctions could be imposed for failure to provide an adequate explanation. *Id.* Moses has responded [doc. 9], and we find that his explanation plausibly explains the omission as unintentional. This order, however, serves as warning to Moses that if he misrepresents his litigation history or any other material fact to this court again, he may face sanctions which could include dismissal of his complaint without prejudice and addition of his name to the list of sanctioned/barred litigants who may not file suit in this court without prior approval.

### D. *Theories of the Complaint*

#### 1. *Improper Party*

According to Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether defendants can be sued in this court. Under Louisiana law, an entity must qualify as a "juridical person," which is defined as "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. ALC has not been granted juridical status under Louisiana law. *See, e.g.*, *Montgomery v. GEO Group, Inc.*, 2014 WL 2004585 at *1 (W.D. La. May 14, 2014); *Wilson v. Allen Corr. Ctr.*, 2016 WL 3648266 at *2 (W.D. La. May 25, 2016). Accordingly, Moses should dismiss all claims against this entity.

#### 2. *Failure to protect*

"[E]xcessive or unprovoked violence and brutality inflicted by prison guards upon inmates" breaches the Eighth Amendment's prohibition on cruel and unusual punishment. *United*

*States v. Bailey*, 100 S.Ct. 624, 641 (1980). Accordingly, prison officials are also liable under the Eighth Amendment when they fail to protect inmates from such harm. *Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir. 2004). In order to establish a § 1983 claim based on failure to protect, a plaintiff must show "that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). However, a plaintiff must show an injury that is more than *de minimis* in order to recover based on an Eighth Amendment violation. *Siglar v. Hightower*, 112 F.3d 191, 193–94 (5th Cir. 1997). Under these standards, verbal abuse by a prison guard does not give rise to a claim under § 1983. *Id.* at 193; *see also McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) ("[M]ere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations.")

Here Moses alleges that he was moved to a more dangerous unit but does not allege that he received any injury there. The only injury he alleges is the threatening language and cursing used by Coleman and Tucker. Accordingly, his claims under this theory will be dismissed as frivolous unless he can amend to show some type of injury.

### 3. *Retaliation*

It appears that Moses may also be raising a claim of retaliation based on his transfer to the more dangerous unit after writing up Coleman. This claim is sufficiently pleaded, as the Fifth Circuit has held that transfer to a more violent section of a prison surpasses the *de minimis* threshold for retaliatory acts. *Morris v. Powell*, 449 F.3d 682, 687 (5th Cir. 2006). Accordingly, this claim will survive our initial review as to defendant Langley. If Moses believes any other defendants were personally involved in the transfer or sufficiently involved in a supervisory capacity, below, to sustain liability, then he should say so in his response to this order.

### *4. Supervisory liability*

Here it appears that Moses is suing defendants GEO,[2] David J. Donahue, Warden Cooley, Warden Allemande, and Warden Estes in a supervisory capacity. It is settled that a plaintiff cannot obtain damages from a policy-maker or supervisor solely on a theory of supervisory liability. *Beattie v. Madison Cty. Sch. Dist.*, 254 F.3d 595, 600 n. 2 (5th Cir. 2001). Instead, supervisory officials may only be held liable if (1) they were personally involved in the act causing the alleged constitutional deprivation, (2) they failed to train or supervise the officials directly involved in circumstances amounting to deliberate indifference to the plaintiff's rights, or (3) they implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Brown v. Bolin*, 500 Fed. App'x 309, 314 (5th Cir. 2012); s*ee also Cozzo v. Tangipahoa Parish Council—President Gov't*, 279 F.3d 273, 289 (5th Cir. 2002).

Delegation of duties is not sufficient to support a claim of supervisory liability. As the Fifth Circuit recently stated in a failure to protect case:

> [G]iven the size of the operation that they oversee, [supervisory officials] cannot be expected to intervene personally in response to every inmate letter they receive. The record in this case shows that they responded to [the plaintiff's] complaints by referring the matter for further investigation or taking similar administrative steps. This was a reasonable discharge of their duty to protect the inmates in their care.

*Johnson*, 385 F.3d at 526 (5th Cir. 2004). Accordingly, Moses should amend to show involvement of the above defendants in the alleged retaliation or failure to protect sufficient to justify their continued presence in this suit.

---

[2] In *Rosborough v. Management & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003), the Fifth Circuit extended municipal corporate liability to include private prison-management companies and their employees. As with municipal liability, however, there is no vicarious liability for § 1983 actions and the plaintiff must instead show another basis, as outlined above. *See Ray v. Jackson Parish Corr. Ctr.*, 2012 WL 3685952 at *3 (W.D. La. Jun. 20, 2012).

### 5. *Failure to follow PREA protocol*

To the extent that Moses argues that his rights were violated under the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15601 *et seq.*, he must be aware that courts addressing the issue have not found a private right of action created under that law. *See Krieg v. Steele*, 599 Fed. App'x 231, 232–33 (5th Cir. 2015). Accordingly, except as the failure to follow PREA protocol might support his constitutional claims above, Moses's allegations based on the alleged breaches of protocol do not show a claim for relief.

### 6. *Discrimination*

Finally, Moses mentions that he is discriminated against because of his sexual orientation. *See* doc. 1, p. 7. His brief statement is insufficient for us to determine if these allegations rise to the level of a constitutional claim, and if any claim could survive this court's screening as described above. Accordingly, if he intends this statement as a separate claim, he should state specifically (1) what kind of disparate treatment he is experiencing, (2) the dates on which it occurred, and (3) which defendants are responsible. He should also explain what kind of relief he is requesting on this claim, and should be aware that requests for declaratory and injunctive relief are generally rendered moot by an inmate's transfer from the offending institution. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Otherwise we will recommend that the statement, to the extent that it is intended as a claim for relief, be dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

### III.
#### CONCLUSION

Moses's pro se complaint is deficient as described above. Before this court can determine the proper disposition of his claims, he should be given the opportunity to remedy the deficiencies

or dismiss those claims that he cannot remedy. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Moses at his last address on file.

**IT IS ORDERED** that Moses amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and dismiss the claims he is unable to cure through amendment.

Failure to comply with this order may result in dismissal of the claims above as frivolous under 28 U.S.C. § 1915 or dismissal of the action under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Moses is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 14th day of March, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE