UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**KELVIN MOSES** : **DOCKET NO. 17-cv-1595**
       **D.O.C. # 600226**            **SECTION P**

**VERSUS** : **UNASSIGNED DISTRICT JUDGE**

**DAVID J. DONAHUE, ET AL.** : **MAGISTRATE JUDGE KAY**

**REPORT AND RECOMMENDATION**

Before the court is an amended civil rights complaint [doc. 11] filed pursuant to 42 U.S.C. § 1983 by pro se plaintiff Kelvin Moses, who is proceeding in forma pauperis in this matter. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

In our prior order [doc. 10], we directed Moses to amend his complaint and correct certain deficiencies so that the court could determine whether his claims should survive initial review. There we noted that Moses had raised claims based only on supervisory liability against defendants David J. Donahue, GEO, Mark Estes, Warden Cooley, and Anthony Allemande. Doc. 10, p. 6. We also noted that Allen Correctional Center was not a proper party to the suit because it was not a juridical entity under Louisiana law. *Id.* at 4. We described how failure to follow PREA protocol did not give rise to a claim by itself, how any failure to protect/Eighth Amendment violation claims would fail unless Moses could show injury, and how a retaliation claim required that Moses allege that he received an adverse consequence for exercising/attempting to exercise a constitutional

right. *Id.* at 4–7. We also noted that Moses had provided insufficient information for the court to determine whether he had any cognizable discrimination claim. *Id.* at 7.

In his response, Moses agrees to dismiss all claims based on supervisory liability or involving an improper party. Doc. 11, p. 1. He also provides sufficient additional details to survive initial review on his claim of retaliation against Warden Keith Cooley and Captain Terry Langley, and a claim of cruel and unusual punishment against Langley. *Id.* at 4–6. However, he does not provide sufficient detail to show a right to relief against Coleman or Tucker, based on the alleged verbal harassment. As we noted in our previous order, a plaintiff may not recover for an Eight Amendment violation unless he suffers more than a *de minimis* injury, and verbal threats generally fall below this standard. *Siglar v. Hightower*, 112 F.3d 191, 193–94 (5th Cir. 1997). Likewise, Moses fails to state a claim for discrimination because he does not compare his treatment to that of other treatments, much less show that he was singled out on the basis of his sexual orientation. Doc. 11, pp. 7–8.

Accordingly, **IT IS RECOMMENDED** that all claims against defendants GEO, Allen Correctional Center, David J. Donahue, William Coleman, Anthony Allemande, Mark Estes, and Sergeant Tucker, and all claims with the exception of the retaliation claim and Eighth Amendment claim against defendants Cooley and Langley be **DENIED** and **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

-3-

Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    THUS DONE AND SIGNED in Chambers this 7th day of June, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE