UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KELVIN MOSES** | : | **CIVIL ACTION NO. 2:17-cv-1595** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **GEO, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is an unopposed Motion for Summary Judgment [doc. 25] filed by defendants in this civil rights action brought by pro se plaintiff Kelvin Moses, who was an inmate in the custody of the Louisiana Department of Public Safety at the time of filing. No opposition to the motion was filed by the plaintiff as the motion was served upon him at the River Bend Detention Center, his last known address, but returned to sender, marked "Not Deliverable As Addressed; Unable to Forward." Doc. 27.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the Motion for Summary Judgment [doc. 25] be **GRANTED** and that the action be **DISMISSED WITHOUT PREJUDICE**.

**I.**
**BACKGROUND**

Moses filed this suit under 42 U.S.C. § 1983 and the Prison Rape Elimination Act (PREA) on December 8, 2017, against various employees at Allen Correctional Center ("ACC"). Moses alleged that staff members Sergeants William Coleman and Tucker harassed him, and that Tucker threatened him and Coleman made a lewd comment to him. Doc. 11, p. 2. Moss made a complaint

against Sergeant Coleman under the Prison Rape Elimination Act ("PREA") and was moved from Saturn Unit to Mercury Unit. Moses subsequently called the PREA 1-800 reporting number and filed a written complaint against Terry Langley, Warden Keith Cooley, Warden Anthony Allemande, Warden Mark Estes, and GEO for failure to follow PREA protocol, cruel and unusual punishment, retaliation, discrimination, violation of his civil rights under Section 1983, and failure to protect and deliberate indifference. Doc. 1.

On July 5, 2017, this Court dismissed all claims against defendants GEO, Allen Correctional Center, David J. Donahue, William Coleman, Anthony Allemande, Mark Estes and Sergeant Tucker and dismissed all claims against defendants Keith Cooley and Terry Langley, except those based upon retaliation and violations of the Eighth Amendment. Doc. 12.

Cooley and Langley now move for summary judgment, asserting that Moses was not transferred in retaliation; but rather, transferred in accordance with ACC policy, pursuant to the PREA. Doc. 25, att. 2. Defendants argue that there is no genuine issue whether the inmate's transfer to another unit was retaliatory or that he was subjected to cruel and unusual punishment. *Id*. Moses has filed no response to the motion and his time for doing so has passed.

## II.
### SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 106 S.Ct. at 2511 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n. 3 (5th Cir. 1995) (quoting *Hibernial Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). Failure to file an opposition and statement of contested material facts, however, results in the court deeming statements of uncontested material facts admitted for the purposes of the motion. Local Rule 56.2.

## III.
### APPLICATION

To state a claim for retaliation, a prisoner must allege facts which demonstrate (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998), *citing Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1996), cert. denied, 116 S.Ct. 800 (1996). "Mere conclusionary allegations of retaliation will not withstand a summary judgment challenge." *Woods*, 60 F.3d at 1166. "Retaliatory motive must be more than the prisoner's personal belief that he is the victim of retaliation." *Johnson v. Ramos*, 2003 WL 22946476, 3 (N.D. Tex. 2003).

First, plaintiff has failed to allege facts which demonstrate a specific constitutional right. A prisoner lacks a constitutional right to be incarcerated in the facility of his choice. *Thomas v. Pearson*, 342 Fed.Appx. 21 (5th Cir. 2009). Similarly, a prisoner enjoys no constitutionally protected right against transfer from one prison to another prison. *Rouse v. Benson*, 193 F.3d 936, 940 (8th Cir. 1999). The same is true for dorms inside a prison. Prison authorities have a great deal of discretion in running their institutions, and such discretion normally outweighs any interest the any prisoner may have in remaining housed in a particular prison. *Id.*

Second, plaintiff has failed to allege facts which demonstrate the defendant's intent to retaliate against the prisoner for his or her exercise of a constitutional right. When a transferred inmate has filed one or more lawsuits against the transferring prison or its officials, and that litigation has caused the transfer, the essential inquiry is whether the decision to transfer was motivated by the fact that the inmate sued, or by the nature of the dispute underlying the lawsuit." *Sisneros v. Nix*, 95 F.3d 749, 752 (8th Cir. 1996) (emphasis added). "If the substance of the inmate's claim makes it appropriate to transfer him ... for rational penological reasons, the transfer

does not become unconstitutional retaliation simply because the inmate made his claim known by filing a lawsuit." *Id*. The Government argues, and this Court agrees, there is no genuine issue whether the inmate's transfer to another unit was retaliatory. Kelvin Moses was transferred in compliance with the Prison Rape Elimination Act's (PREA) National Standards, which require the "inmate victim" be separated from the accused "abuser" after a complaint is made but allow this to be accomplished by transferring either the inmate or the accused abuser. See 28 C.F.R. § 115.67(b), which provides as follows:

> (b) The agency shall employ multiple protection measures, such as housing changes or transfers for inmate victims or abusers, removal of alleged staff or inmate abusers from contact with victims, and emotional support services for inmates or staff who fear retaliation for reporting sexual abuse or sexual harassment or for cooperating with investigations.

The sworn affidavits of defendants Cooley and Langley establish that Moses was transferred from Saturn Unit to Mercury Unit due to ACC's procedure for separating PREA complainants from officers made the basis of the complaint, following an alleged PREA violations. Doc. 25, att. 3, p. 1; att. 4, p. 1. The units are of comparable size, accommodation, and design as and there are inmates housed in both units which have honor status. *Id*. Accordingly, the Court finds there has been no retaliatory intent.

Finally, there has been no retaliatory adverse act. There is a *de minimis* standard for determining what is a retaliatory adverse act in prisoner retaliation claims. *Patel v. Santana*, 348 Fed. App'x 974 (5th Cir. 2009). "Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Smith v. Hebert*, 533 Fed. App'x. 479, 482 (5th Cir. 2013). While courts have recognized retaliation claims where a prisoner is transferred to a more dangerous prison, *Morris v. Powell*, 449 F.3d 682 (5th Cir. 2006), Moses has provided no factual support showing that the Mercury dorm was more

dangerous and that it posed any more of a threat to his safety than the Saturn dorm. All evidence in the record indicates that Mercury and Saturn were of comparable size and offered comparable accommodations. Doc. 25, att. 3, 4.  Because plaintiff cannot provide any factual support showing that he was subjected to a retaliatory adverse act, which is an essential element of his claim, this Court finds that defendants are entitled to summary judgment as a matter of law.

For the same reasons, Moses cannot show that his transfer consisted of cruel and unusual punishment under the Eighth Amendment. In *Adeleke v. Heaton*, 352 Fed.Appx. 904 (5th Cir. 2009), the Fifth Circuit held an inmate alleging a violation of the Eighth Amendment due to a transfer must satisfy a two-part test: (1) a prisoner must show that the objective conditions of confinement are "so serious as to deprive prisoners of the measure of life's necessities, such as some basic human need, and (2) under a subjective standard, that prison officials acted with deliberate indifference to the inmate's conditions, which means that the officials knew that the inmate faces a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Id* at 907. In *Adeleke*, despite a transfer to an allegedly more dangerous housing unit, where the inmate was subsequently placed on lockdown, denied visitation, and had to eat sack lunches, and where he allegedly also suffered excessive force from an officer, the Court held that the Plaintiff failed to demonstrate any denial of a basic human need and/or an obvious and substantial risk of serious harm to his health and safety. Here, Moses fails to provide factual support for his claim that the Mercury Unit was more dangerous than the Saturn Unit. The Court agrees with the Government's argument that, more importantly, Plaintiff fails to show any basic human need that he was deprived of in Mercury Unit and fails to prove an obvious and substantial risk of serious harm to his health and safety in Mercury Unit, that the Defendants were

aware of any such risk, and that they acted with deliberate indifference to same. Accordingly, Plaintiff's claims under the Eight Amendment should be dismissed, with prejudice.

## IV.
### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion for Summary Judgment [doc. 25] be **GRANTED** and that Moses' claims be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 8th day of August, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE